## Commonwealth v. Zaffarano

*Alfred L. Taxis,* assistant district attorney, for plaintiff.

*Elmer L. Menges,* for defendant.

DANNEHOWER, J., July 9, 1952.—Defendant, Ignazio Zaffarano, was found guilty by this court of a violation of section 1017.1 of The Vehicle Code of 1929, in that he failed to bring his vehicle to a stop at least 10 feet from a school bus.

Defendant has filed motions for arrest of judgment and a new trial, on the ground that the trial judge erred in overruling defendant's motion for a directed verdict of not guilty, which motions are now before this court for disposition.

Construing the evidence and all inferences reasonably deducible therefrom against defendant and in support of the verdict, the following facts appear:

On October 11, 1950, about 8:35 a.m. the school bus of the Lower Gwynedd School District was proceeding north on Bethlehem Pike in Lower Gwynedd Township, and stopped opposite the J. Z. Motors Company property to receive children who were waiting on the west side of the highway for transportation. At that time defendant was proceeding south on Bethlehem Pike approaching the stopped school bus. The bus driver

left his bus to direct the children safely across the highway and signaled defendant to stop. Defendant brought his car to a stop 10 or 12 feet measured laterally from the front of the bus but within 10 feet of a line drawn east and west from the front of the bus. There was sufficient room in front of the car for the children to walk straight across to the bus.

Defendant contends that the Commonwealth failed to show by its evidence the commission of any criminal offense by defendant and that, therefore, the motion for a directed verdict of not guilty should have been granted.

The pertinent portion of section 1017.1 of The Vehicle Code of May 1, 1929, P. L. 905, as added by section 4 of the Act of May 26, 1949, P. L. 1884, 75 PS §592.1, under which defendant was found guilty, reads:

"The driver of a vehicle when approaching the front or rear of a school bus conforming to the requirements of this act that has come to a stop upon any highway or street outside of a business or residential district while in the act of receiving or discharging any school child, shall stop such vehicle not less than ten (10) feet from such school bus and keep such vehicle stationary until such school bus resumes motion or the school bus operator signals him to proceed."

The penalty provided upon violation of the statute is a fine of $20 and costs, and in default thereof imprisonment for not more than 10 days.

The only question to be considered is whether defendant has violated the above-quoted statute when he has come to a stop 10 to 12 feet from the front of the school bus *but within* 10 feet of a line drawn east and west and at a right angle from the front of the bus so that there is not a 10-foot crossway between the front of the car and the front of the bus.

The statute above is a penal one and must be strictly construed: Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558; Commonwealth ex rel. Varronne v. Cunningham, Sheriff et al., 365 Pa. 68 (1950).

It cannot be enlarged by implication or intendment to the prejudice of defendant to cases not covered with reasonable certainty by the language: Commonwealth v. Bitzer, 163 Pa. Superior Ct. 386 (1948).

The act requires a driver of a vehicle when approaching the front or rear of a school bus which has come to a stop for the purpose of receiving or discharging school children, to "stop such vehicle not less than ten (10) feet from such school bus . . .". The evidence demonstrates clearly and the Commonwealth concedes that defendant while approaching the front of the school bus did bring his vehicle to a stop at least 10 feet from the front of the school bus.

The Commonwealth takes the view that the literal language of the statute should be ignored, for the intent and spirit of the act unquestionably indicates that "ten feet from such school bus" is to be interpreted as providing for a 10-foot crossway in front and in the rear of the bus. That is precisely the fallacy of the Commonwealth's argument, for we are not permitted to shun the literal language of a penal statute under the pretext of pursuing the spirit of the act, for to do so would result in giving a liberal construction to a penal statute: Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551. In order to enforce a penalty against a person, he must be brought clearly within the letter as well as the spirit of the statute. The literal construction of the statute has a prima facie preference and if the act contains such an ambiguity as to leave a reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty: Com. of Pa. v. West Philadelphia Fidelio Mannerchor, 115 Pa. Superior Ct. 241 (1934).

It is not so obvious to this court that the intent and spirit of the legislation would compel the conclusion that the Commonwealth would place upon it. The objective of the legislation was unquestionably to protect school children and provide them safe passage. The legislature may have concluded that this goal could be attained by the literal language of the statute. If a motorist, approaching the front or rear of a school bus, is operating his vehicle so as to be able to stop, before passing the school bus, 10 or more feet from the front or rear of the school bus, he would be proceeding so slowly that the chance of injury to school children on the highway would be very remote.

The driver would undoubtedly have been guilty of a violation of the statute if he had passed the school bus. It is clear from the language of the statute and its title that he must stop before he passes the bus. The act is entitled "Passing School Buses" and classifies the driver as one who is "approaching the front or rear of a school bus." If the legislature intended that the motorist be permitted to pass the school bus before he stopped, it would not have so qualified the driver. Again, to hold otherwise, would lead to an absurd conclusion, for then a motorist could pass a school bus and could, under the mandate of the statute, stop only after he had proceeded 10 feet or more.

Defendant here did not pass the school bus and he did bring his automobile to a stop 10 feet from the school bus. The Commonwealth having failed to show the commission of the offense prohibited by the statute, the court should have granted defendant's request and directed a verdict of not guilty.

## Order

And now, July 9, 1952, the motion in arrest of judgment is hereby granted, defendant is adjudged not guilty, and a refund of the fine and costs paid under protest, is directed.