## Bierman Liquor License Case.

Argued September 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Robert H. Jordan,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellant.

*Albert P. Leonzi,* with him *Roger N. Nanovic,* for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

On April 18, 1957, Raymond A. Bierman and his wife, Rohama C. Bierman, filed with the Pennsylvania Liquor Control Board an application for a restaurant liquor license at premises in Lower Towamensing Township, Carbon County, upon the theory that the municipality in question is located within a resort area under the relevant provision of the Liquor Code.[1] The Board refused the application, whereupon the Biermans appealed to the Court of Quarter Sessions of Carbon County. Said tribunal, by opinion and order dated June 9, 1958, directed that the license be granted. The Board has appealed.

The reasons assigned by the Board for rejecting the application are as follows: "1. As provided by law, Lower Towamensing Township, Carbon County, has a quota of 3 licenses for the retail sale of liquor and malt beverages, and there are at the present time 8 such licenses in effect of the type counted against the

---

[1] ". . . (b) The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area": Act of April 12, 1951. P. L. 90, Section 461, 47 P.S. 4-461.

quota. There are also 3 hotel liquor licenses which, under the law, cannot be counted against the quota. Accordingly, the legal quota for the township is exceeded. 2. The establishment proposed to be licensed under this application is not a resort area, as claimed by the applicants. 3. There is no evidence of any necessity for an additional restaurant liquor license in the township".

The court below, after making fifty-three findings of fact, came to the following conclusions: "1. The Appellants' premises are located within a resort area. 2. There is a reasonable necessity for the issuance of a Restaurant Liquor License to the Appellants . . . 3. Under all the conditions and, particularly, in view of the finding that the area is in fact a resort area, the Court concludes that the Pennsylvania Liquor Control Board erred in refusing to issue to Appellants a Restaurant Liquor License".

Discretion to determine whether or not a municipality is located within a resort area is, by the express language of the Liquor Code, vested in the Board. "The court of quarter sessions is not authorized to exercise administrative discretion; this is vested in the Board": *Booker Hotel Corp. Liquor License Case,* 175 Pa. Superior Ct. 89, 103 A. 2d 486. "We recognize that administrative discretion must be subject to judicial scrutiny or it will no longer be discretion but tyranny . . . However, there must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board": *425-429 Inc. Liquor License Case,* 179 Pa. Superior Ct. 235, 116 A. 2d 79. While it is upon the record made at the hearing de novo that the court of quarter sessions determines whether or not the Board abused its discretion, *Clinton Management, Inc. Liquor License Case,* 188 Pa. Superior Ct. 8, 145 A. 2d

873, the court of quarter sessions may not substitute its discretion for that of the Board. See *Azarewicz Liquor License Case,* 163 Pa. Superior Ct. 459, 62 A. 2d 78.

That appellees misapprehend the foregoing principles is plainly apparent from the following statement in their brief: "Whether or not any specific area is in fact a resort area involves a certain amount of discretion in the trial court . . ." As indicated in its opinion, the court below was persuaded by this misleading argument. "There is a marked distinction between a court substituting its judicial discretion for a bureau's administrative discretion and a court, in the exercise of its judicial discretion, finding a bureau guilty of an abuse of its administrative discretion": *Hotchkiss Liquor License Case,* 169 Pa. Superior Ct. 506, 83 A. 2d 398. In the case at bar, we are clearly of the opinion that the court below improperly substituted its discretion for that of the Board.

According to Webster, a resort is "a place frequented; a haunt". The legislature has not defined "resort area", and there is no appellate court decision on the subject.[2] The common object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. See *Longo Liquor License Case,* 183 Pa. Superior Ct. 504, 132 A. 2d 899. The history of the legislation in question, while not controlling, is a factor which may be considered as indicative of legislative intent: *Loeb v. Benham,* 153 Pa. Superior Ct. 601, 34 A. 2d 835; *Keating v. White,* 141 Pa. Superior Ct. 495, 15 A. 2d 396. The proceedings be-

---

[2] Appellees have cited five lower court cases in which an appeal was taken from the refusal of the Board to grant a liquor license in a municipality alleged to be located within a resort area. Our research discloses a total of eighteen such cases, evenly divided in result.

fore the legislature at the time of the enactment of the original statute[3] disclose that this exception to the quota rule "was drafted solely for the purpose of having an equitable distribution of licenses" in areas wherein, at certain seasons, the "population" is greatly increased, "making it quite obvious that the usual number of licenses would not be adequate to serve the people". It is apparent that the legislature contemplated the seasonal influx of a large number of temporary inhabitants and the presence of suitable accommodations for this "transient population".

In the light of the foregoing exposition, several of the findings of fact by the court below assume particular significance, as follows: "28. There are no summer resort hotels in the area. 29. There are no tourist homes in the area . . . 31. The area wherein the licensed premises are situate is predominantly agricultural and somewhat industrial". It is clear from the record that, except for the occupants of eleven summer cottages within a two-mile radius, there is no influx whatever of temporary inhabitants. Nor are there suitable accommodations for a transient population.

While we fully agree that the region under consideration is surrounded by beautiful mountains and traversed by picturesque streams, the portrayal by the lower court of the attractions of the area aptly describes many other portions of our glorious Commonwealth. The hunting and fishing facilities emphasized in the opinion below are certainly not peculiar to this locality. Indeed, if this municipality may be declared to be a resort area, then a similar designation may be applied to any other rural section in which hunting and fishing are available. Such a ruling would stretch the concept of a resort area far beyond anything con-

---

[3] Act of June 24, 1939, P. L. 806.

206

templated by the legislature. "It would constitute an ingenious procedure whereby the legal limitations on the issuance of licenses could be by-passed and the quota law, in areas such as this, made hopelessly inoperative and ineffective".[4]

The Liquor Code was enacted for the purpose of regulating and restraining the sale of liquor and not for the purpose of promoting it: *Commonwealth v. West Philadelphia Fidelio Mannerchor*, 115 Pa. Superior Ct. 241, 175 A. 434. We are convinced from our review of this record that the Board was not chargeable with an abuse of discretion, see *Mielcuszny v. Rosol*, 317 Pa. 91, 176 A. 236, and the conclusion of the Board that the municipality in question was not located within a resort area should not have been disturbed by the court below. In our view of the case, it is unnecessary to consider the question of necessity.

Order reversed.

WATKINS, J., dissents.

---

[4] DALTON, J. in *Steigerwalt Appeal*, 54 Schuylkill L. R. 83, 14 Pa. D. & C. 2d 614.