## Parenti License

*Robert H. Jordan,* for appellee.

HENNINGER, P. J., April 17, 1961—This is an appeal on the part of John C. Parenti from the refusal by the Pennsylvania Liquor Control Board of his application for approval of transfer to him of all of the stock in the above corporation, holder of a restaurant liquor license for premises at the northeast corner of Fifth and Washington Streets, Allentown.

A hearing was had before the Liquor Control Board at which appellant produced witnesses to his good character, and the attorney for the board produced evidence of appellant's sentence in this court on April 8, 1957, on the charge of lottery, pool selling and bookmaking in which he was fined $500 and with a sentence of imprisonment for one year, suspended upon certain conditions which apparently have been met.

The Liquor Control Board on November 10, 1961, made the following findings of fact:

"1. On January 7, 1957 John C. Parenti entered a plea of guilty in the Court of Quarter Sessions of Lehigh County as to establishing a gambling place, and entered a plea of nolo contendere to lottery, pool selling and bookmaking, waiving presentment of the bill of indictment to the Grand Jury, trial by jury, and trial without jury.

"2. On April 3, 1957 the Court sentenced John C. Parenti to pay to the County of Lehigh, in lieu of a fine, the sum of $500.00, and pay the costs of prosecution. The Court further directed that imprisonment of one year in Lehigh County prison be suspended on condition that John C. Parenti obey the law, avoid the company of known gamblers, and that he keep his home and place of business, including telephone connections, open to enforcement officers at all times, and that he have but one telephone line in his home and place of business, and stand committed until the sentence is complied with.

"3. There is no evidence that subsequent to the sentence of the Court above referred to, John C. Parenti has engaged in any activity which would give the Court cause to revoke the suspension of the jail sentence.

"4. Several witnesses, who appeared at the hearing in behalf of John C. Parenti, testified that he has con-

tributed to various charities and, in their opinion, is qualified to conduct an establishment licensed for the retail sale of alcoholic beverages.

"This is John C. Parenti's second request to the Pennsylvania Liquor Control Board for permission to become the sole stockholder of the corporation, the first request having been refused August 7, 1959, after a hearing, the Board being of the opinion that under all of the evidence, he was not qualified to become the owner of the corporate stock, particularly by reason of his involvement in the aforementioned violations of the law.

"Thereafter, Parenti appealed to the Court of Quarter Sessions of Lehigh County at No. 97 June Sessions 1959, and the Court, for the reasons set forth in an opinion and order of June 20, 1960, dismissed the appeal without prejudice to the appellant's right to renew his application for approval of his purchase of the stock of the corporation.

"The Board, after making a careful review of all of the facts of record pertaining to this, the second request by John C. Parenti to become the sole owner of the corporate stock, is still of the opinion that under all of the evidence he is not qualified to be the stockholder of the licensed corporation particularly by reason of his involvement in the aforementioned violations of the law, notwithstanding the fact that a period of three years has now elapsed since sentence was imposed upon him by the Court for the said violations.

"AND NOW, November 10, 1960, for the above reason, it is hereby ordered and decreed that the proposal of John C. Parenti to purchase the stock of Fifth and Washington Corporation, holder of a restaurant liquor license at 463-465 Washington Street, Allentown, Lehigh County, Pennsylvania, be and it is hereby refused."

On March 28, 1961, this appeal was heard de novo, at which hearing counsel stipulated that the testimony taken before the board should be accepted as testimony before the court, and appellant produced three additional witnesses to his good character.

In the absence of any attack upon the character or reputation of appellant applicant, we are compelled to find, and do find, that John Parenti was, on the date of his application for transfer of stock to him, and still is, a reputable individual and a person of good repute.

In view of the notorious rate of recidivism among gamblers, but with little support from our own records, surely the Liquor Control Board could have found witnesses to appellant's bad repute, had he continued to be a known gambler.

Strangely enough, the board has made no finding one way or another upon the reputation of applicant. Their basis for rejecting the transfer is that, because of his 1957 conviction, he is not "qualified" to become the stockholder in the licensee corporation. We must review the applicable law, therefore, to determine what the qualifications may be for such a stockholder. We find this in section 437 (*c*) of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-437 (*c*), which reads:

"Licenses shall be granted by the board only to reputable individuals, or to associations, partnerships and corporations whose members or officers and directors are reputable individuals."

Section 468 of the same code, 47 PS §4-468 (*a*), provides in part,

". . . no transfer shall be made to a person who would not have been eligible to receive the license originally . . ."

As to a corporate license, section 403 (*c*) of the code, 47 PS §4-403 (c), provides ". . . that all officers,

directors and stockholders are citizens of the United States . . ."

We note then that the "qualifications" for holding stock in a corporation, if it is to remain eligible to hold a liquor license, is that the stockholder must be a reputable individual and a citizen of the United States.

Appellant is admittedly a citizen of the United States; the board has not found him to be other than a reputable individual, nor has it provided us with any evidence to rebut the uncontradicted testimony of his good repute.

Conceding that the burden is on appellant to prove his good reputation and that he cannot rely upon a presumption of good reputation, and conceding that a conviction must have some effect on a person's otherwise good reputation, the board has furnished us with no criterion whereby we can decide when a man may have lived down a prior sin. Again, we stress that, if the knowledge of a prior conviction for gambling continues to affect appellant's reputation, the board should have had no difficulty in finding adverse character witnesses, especially since reputation depends simply upon rumor and does not require proof of unlawful conduct.

It would be contrary to all confidence in the possibility of human reformation to proceed on the theory that a man once convicted of crime could never thereafter qualify as a reputable individual.

Since the board has furnished no yardstick, we again look to the code and we find in section 471, 47 PS §4-471, this language:

"Any licensee whose license is revoked shall be ineligible to have a license under this act until the expiration of three years from the date such license was revoked."

We recognize that the above clause operates first to impose a disability and then, by the passage of time, to remove that specific disability caused by a previous revocation and that a person, whose disability has thus been removed, must still qualify under all other applicable provisions of the licensing laws.

Since such revocation may be "for any other cause shown" and such cause may be violation of laws relating to liquor or otherwise (Appeal of I. B. P. O. E. Liquor License Case 163 Pa. Superior Ct. 395; Commonwealth v. Lyons, 142 Pa. Superior Ct. 54), a violation of law, in itself, does not work a disqualification beyond the three year limitation.

Four years have passed since appellant's conviction and three since he has been free of the suspended sentence. Under these circumstances, still recognizing that there may be more heinous offenses for which the legislature has imposed more severe penalties, indicating continuing disqualification, we apply to this case the reasoning of Balli Appeal, 32 Lehigh 444.

We do this with less hesitation because, if appellant has not divorced himself from the activities which brought him into disrepute, the operation of a licensed restaurant will make him particularly vulnerable.

Under section 493 (14) of the code, 47 PS §4-493(14), it is unlawful to permit, inter alia, "persons of ill repute" and "known criminals" to frequent his establishment. Furthermore, under subsection (21) of the same section, 47 PS §4-493(21), it is unlawful for a licensee ". . . to refuse . . . the right to inspect completely the entire licensed premises . . ." The ways of a gambler are devious, but he can seldom operate in a showcase.

We have given the board every opportunity to present its best case. They have found appellant disqualified to hold stock in a licensed corporation. We have been unable to find such disqualification and, in view

of that fact, on the present state of the record, we are compelled to find him a reputable individual, and he is, therefore, entitled to hold stock in the licensed corporation.

The board has cited in opposition to the appeal, Bierman Liquor License Case, 188 Pa. Superior Ct. 200, 206, one of the latest in a long line of cases holding that the purpose of the code is to restrict rather than to expand the trade in liquor. With this we heartily concur. We note, however, that the present case involves a change in ownership of an existing license. Our decision will neither expand nor restrict the number of licensed places in our community. We also note that the board has based its action not upon administrative discretion but solely upon its interpretation of the law, with which we cannot agree.

Now, April 17, 1961, the appeal of John C. Parenti is sustained, and it is ordered that the Pennsylvania Liquor Control Board grant its consent to the transfer of the capital stock in Fifth and Washington Corporation to said John C. Parenti. Each party is to bear its own costs on this appeal.