## Dowling Liquor License Case.

Argued November 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Stanley G. Makoroff,* with him *Hubert I. Teitelbaum,* for appellant.

*Charles M. Marshall,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Edward Friedman,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WRIGHT, J., December 16, 1966:

On October 15, 1964, Martin W. Dowling, trading as Farm Ski Lodge, hereinafter referred to as Dowling, filed with the Pennsylvania Liquor Control Board an application for a restaurant liquor license for premises in Union Township, Washington County, Pennsylvania, on the theory that the municipality in question is located within a resort area. The Board refused the appli-

cation, whereupon Dowling appealed to the Court of Quarter Sessions. After hearing de novo before Judge CURRAN, an order was entered on July 15, 1966, sustaining the action of the Board. Dowling has appealed.

We are here confronted with another problem arising under the exception to the quota limitation set forth in Subsection (b) of Section 461 of the Liquor Code[1] which authorizes the Board to increase the number of licenses in a municipality which in the opinion of the Board is located within a resort area. In rejecting Dowling's application the Board made the following findings here pertinent: "(2) As provided by the Liquor Code, Union Township, Washington County, has a quota of three licenses for the retail sale of alcoholic beverages, and there are now four such licenses in effect in the township of the type counted against the quota. Accordingly, the quota of licenses is exceeded. . . (8) The premises proposed to be licensed are not in a resort area, as claimed by the applicant. (9) There is no evidence of necessity for an additional license for the retail sale of alcoholic beverages in the township".

The record discloses that Dowling is the owner of a seventy-five acre tract of land which he is developing as a facility for skiing. He plans to promote other sports activities such as swimming, fishing, ice skating and horseback riding, and contemplates an eventual investment of $200,000.00. He is completing a lodge which will contain a restaurant for which he desires a liquor license. An area public relations representative testified that "we need this to round out our tourism program". A real estate broker, a township supervisor, a local bank manager, and the mayor of a neighboring borough testified in sum that the development would be an asset to the general community, and that

---

[1] Act of April 12, 1951, P. L. 90, §461(b), 47 P.S. 4-461(b).

a liquor license was essential to make it a paying proposition. However, as demonstrated in the well-considered opinion below, the area in question is essentially residential in character, and there is no seasonal influx of temporary inhabitants or suitable accommodations for a transient population. See *Bierman Liquor License Case,* 188 Pa. Superior Ct. 200, 145 A. 2d 876.

The prior decisions of this court involving the resort area exception were reviewed at length in *Riviera Liquor License Case,* 201 Pa. Superior Ct. 70, 191 A. 2d 725. In that case we held that the lower court erred in charging the Board with an abuse of administrative discretion for refusing to find that Wilkins Township in Allegheny County was located in a resort area. It was emphasized in the Riviera case that the term "resort area" necessarily connotes a territory already given over to resort purposes. In the case at bar Judge CURRAN made the following apt statement: "It is our feeling that the premises with which we are concerned here were not in a location which was within a resort area at the time the liquor license was applied for, and that the mere addition of petitioner's premises has not changed this into such an area".

In brief, Dowling has done no more than to create a commercial recreation facility in a territory not heretofore considered to be a resort area. If the term "resort area" is to be extended so broadly as to cover the instant situation, then a similar designation would apply to any other section of the Commonwealth. To charge the Board with an abuse of discretion on this record would be to completely abrogate the quota limitation.

Order affirmed.

WATKINS and HOFFMAN, JJ., dissent.