### Wesray, Inc. License

*Lawrence F. Flick,* for appellant.

*Frederic M. Wentz,* for Commonwealth.

SCIRICA, J., May 25, 1971.—Wesray, Inc., which operates the Skippack Country Club (hereinafter Wesray) on approximately 106 acres of land leased from the Department of Forests and Waters, appeals to this court from the decision of the Liquor Control Board (hereinafter board) declining to issue a liquor

license. Wesray's tract is part of the Evansburg State Park, a park of over 3,000 acres, mostly in Skippack Township, Montgomery County. On its 106 acres, Wesray operates a golf course and a restaurant for the use of the general public. The restaurant is the only eating facility within the park.

Wesray applied for the issuance of a restaurant liquor license. A hearing was held on November 10, 1970, before an examiner at which testimony was taken. The examiner recommended the issuance of a license.

On December 30, 1970, the board made the following findings:

"1. As provided by law, Skippack Township, Montgomery County, has a quota of three retail licenses, and there are at present four restaurant liquor licenses in effect which are counted against the quota. Accordingly, the quota of retail licenses in the township is filled. There are also three hotel liquor licenses in effect against the quota.*

"2. The Board is not satisfied that the premises proposed to be licensed are located in a resort area, within the meaning of the Liquor Code.

"3. There is no evidence whatsoever of any necessity for an additional restaurant liquor license in Skippack Township, Montgomery County.

"The Board is of the opinion that under the above established facts, this application should be refused."

Pursuant to section 464 of the Liquor Code of April 12, 1951, P. L. 90, art. IV, sec. 464, 47 PS §4-464, an appeal was perfected to this court. The power of the court is to hear the application de novo on questions of fact and administrative discretion. The matter was

---

* Hotel liquor licenses are *not* in effect against the quota. The above finding is in error as to this point.

submitted to the court on the record which consisted of the testimony before the examiner, the examiner's report and the opinion of the board. The court is to determine if the board has abused its discretion, but not to substitute its, the court's, discretion for the board's: Bierman Liquor License Case, 188 Pa. Superior Ct. 200 (1958).

Wesray's application was under section 461(b) of the act, which gives the board power to increase the number of licenses in any municipality "which in the opinion of the Board, is located within a resort area." See also 47 PS §744-1003.

Upon consideration of the record, this court is of the opinion that the board has committed an abuse of its discretion. It does not seem that there is any room for any opinion other than that this is a resort area.

"Resort area" has not been defined by the legislature, so the Supreme Court turned to dictionaries which define "resort" as: "A place frequented in numbers; a popular place of entertainment or recreation;" "a place of frequent assembly": Willowbrook Country Club, Inc. Liquor License Case, 409 Pa. 370 (1962).

It is clear that the Evansburg State Park is a "resort area" within the common-sense meaning of the phrase and we find it also to be what the legislature meant. The park is still under development, but already contains facilities for boating, fishing, hiking, horseback riding and golf, as well as an abundance of historical sites. These have been extensively advertised by the county and the Commonwealth. Visits to this area have increased and are anticipated to increase considerably by the time of completion of Project 70 in 1976. An Assistant Director of State Parks estimated 2,000,-000 visitors annually. It must be a great surprise and disappointment to the Commonwealth that despite all its development, it still has failed to create a "resort

area." It is absurd that from one side of its mouth the Commonwealth can proclaim a recreational area, and out of the other side, deny it. (In Willowbrook, supra, the court disapproves any attempt to distinguish between a "recreational area" and a "resort area" as a basis for refusal of a liquor license.)

The reason there is a provision for the issuance of licenses in excess of the quota permitted by law in a resort area is that, in these areas, establishments must serve more than the local population, which is generally sparse. While two or three licenses are adequate for the residents, many more are required to serve a seasonal influx of vacationers.

In addition to being in a resort area, an applicant must also show that there is a necessity for an additional facility to serve alcoholic beverages: Willowbrook, supra; Brink License, 70 D. & C. 635 (1950). Wesray introduced persuasive testimony as to the need for an additional restaurant liquor license. There is no other eating or drinking facility on the grounds of the State Park. Further, it was testified that the existing licensees in the township were not equipped to handle vacationers adequately; that their dining facilities were inadequate.

The board offered no evidence to contradict this. The court agrees with the examiner and witnesses that there is a clear necessity for an additional restaurant liquor license in Skippack Township to be located in the State Park to serve its visitors.

In accordance with the above opinion, the court makes the following findings:

1. Skippack Township has a quota of three retail licenses, and presently there are four restaurant licenses in effect which are counted against this quota. There are also three hotel liquor licenses which are not counted against the quota.

2. Evansburg State Park is a "resort area" within the meaning of section 461(b) of the Liquor Code, 47 PS §4-461(b), an integral part of which is the Skippack Country Club operated by Wesray.

3. There is a necessity for an additional restaurant liquor license to serve visitors to the Evansburg State Park, as the existing facilities are not adequate to serve the influx of vacationers into the area.

### ORDER

And now, May 25, 1971, the appeal of Wesray, Incorporated, is sustained, and it is ordered and directed that a restaurant liquor license be granted to appellant.