## Gustino Application

*Martin H. Philip,* for appellant.

*Steven R. Sosnov,* Assistant Attorney General, for Pennsylvania Liquor Control Board.

HEIMBACH, P. J., July 12, 1972.—We have for disposition, after hearing, applicant's appeal from the refusal of the Liquor Control Board to issue to her a retail liquor license for the following reasons:

(1) The quota of retail licenses in Franklin Township is two; there are presently five liquor licenses counted against such quota.

(2) The premises proposed to be licensed are not located in a resort area within the meaning of the liquor code.

(3) There is no necessity for any additional restaurant liquor license in Franklin Township, Carbon County, since admittedly there are five licensed establishments in such township.

The established principles of law we must follow in disposing of this appeal, since the quota is exceeded by three, are these:

(1) The quota restriction is not applicable in a resort area: Act of April 12, 1951, P. L. 90, 47 PS §4-461(b).

(2) A court may not substitute its discretion for that

of the board. Although the board's discretion is subject to review, it *must* be a clear abuse of administrative discretion before the courts are authorized to set aside the action of the board: Bierman Liquor License Case, 188 Pa. Superior Ct. 200.

(3) A resort area is one that has been set aside for entertainment, rest and relaxation, and where there is a large number of temporary visitors, with suitable accommodations for the "transient population" (Bierman Liquor License Case, supra), and where during certain seasons the population is increased to such an extent that the usual number of licenses is not adequate to serve the needs of the people: Willowbrook Country Club, Inc. Liquor License Case, 409 Pa. 370, 373.

(4) The term "actual necessity" likewise is to be given a broad construction, so as to mean substantial need in relation to the pleasure and general welfare of the persons who would make use of the facility: Willowbrook Country Club, Inc. Liquor License Case, 198 Pa. Superior Ct. 242, 246.

The testimony is this: In Franklin Township there are five licensed establishments, four having but barroom facilities where food is dispensed in the form of sandwiches, and one, Trainer's by name, that is a first class restaurant. Only the latter is open on Sunday.

We take judicial notice that the permanent population of Franklin Township, according to the 1970 census, is 3,054. Appellant's establishment, an attractive appearing restaurant, is located on Route 209, the main highway leading from Lehighton to Stroudsburg, approximately one quarter mile from the Mahoning Interchange of the Pennsylvania Turnpike, and distant about one mile from the main entrance to the newly constructed $18,000,000 Beltzville Dam, which was formally dedicated, inter alia, for recreation, i.e., boat-

ing, fishing, picnicking and general viewing, in August 1971. Interesting statistics of its growth, in the number of visitors from in and out of the State, who entered the observation area, are these:

May of 1971 — 11,271
June of 1971 — 12,207
May of 1972 — 18,975
First 26 days in June
of 1972 — 17,748

Over the weekend of June 3, 1972, there were some 3,000-plus boats on the dam. Only soft drinks and hot dogs are available in the dam area. Excepting applicant's restaurant and that of Trainer's, there is no other restaurant within close proximity of the main entrance area.

Additional interesting statistics of the number of vehicles entering and exiting at the Mahoning Interchange are these:

|          | 1971   | 1972   |
|----------|--------|--------|
| January  | 60,674 | 64,425 |
| February | 57,888 | 58,745 |
| March    | 63,530 | 68,783 |
| April    | 70,254 | 73,948 |
| May      | 80,930 | 84,729 |

Within three miles of applicant's establishment is a nudist camp, where during the summer months a large number of people spend their vacations. Within two miles is a well-known commercial fish hatchery, with well-stocked dams and fishing streams which daily during the fishing season attract a large number of fishermen and other visitors. Some 170 acres in the immediate vicinity have been set aside for snow-

mobiling. Within the immediate area are a large number of active vacation home developments. Hickory Run, a State camping area, is nearby, and slightly further is the well-known Lake Harmony vacation area, with the equally well-known Big Boulder Ski Run close by, as are several motels and hotels.

Testimony indicated that Trainer's Restaurant is not likely to be used by those attired in anything less than is proper and customarily worn in a high class restaurant, while applicant's restaurant, although clean and presentable, would be used by those informally dressed.

Received in evidence, without objection, were letters from four of the five licensees, stating that there was a need for applicant's establishment being granted a liquor license.

From the testimony adduced, we find that the site of appellant's premises is in a resort area, and further find there is substantial necessity for the issuance of an additional restaurant liquor license in Franklin Township. Since appellant has met all other requirements of law, we conclude the board abused its discretion in denying appellant's application and its decision must be reversed.

## ORDER

And now, July 12, 1972, for the reasons stated in the foregoing opinion, the decision of the Pennsylvania Liquor Control Board denying a restaurant liquor license to appellant is hereby reversed, and said board is hereby directed to issue such license upon her compliance with the law and the rules and regulations of the Pennsylvania Liquor Control Board in such cases made and provided. Costs on appellant.