## Yerger Appeal

*Toby K. Mendelsohn,* for appellant.

*Robert M. Rovine,* Assistant Attorney General, for Liquor Control Board.

ESHELMAN, P. J., June 20, 1974.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to grant approval for issuance of a new retail dispenser restaurant liquor license to Sherry A. Yerger (hereinafter "applicant") for premises at Route 422, Amity Township, Douglassville, Berks County, Pa. (hereinafter "inn premises"). The quota for liquor licenses for Amity Township being filled, the application for license was premised on section 461(b) of the Liquor Code of Pennsylvania, Act of April 12, 1951, P. L. 90, as amended, 47 PS §4-461, which empowers the board to increase the number of licenses in a municipality which, in the opinion of the board, is located in a resort area.

Following a hearing on the application, the board entered an order refusing approval. The board's opin-

ion included the following findings: "(1) As provided by law, Amity Township, Berks County, has a quota of two retail licenses. There are presently four restaurant liquor licenses and one retail dispenser eating place license in effect which are counted against the quota. There are also two hotel liquor licenses and one catering club liquor license in effect which, under the law, cannot be counted against the quota; (2) the premises proposed to be licensed are not located in a resort area within the meaning of the Liquor Code, as claimed; (3) there is no evidence of necessity for any additional restaurant liquor licenses in Amity Township, Berks County."

Applicant filed an appeal and a de novo hearing was held by this court. At the de novo hearing, the record of testimony before the board was incorporated in the record and the applicant presented additional testimony.

## FINDINGS OF FACT

1. The inn premises proposed to be licensed are located on Route 422, Douglassville, Amity Township, Berks County, Pa.

2. The inn premises were acquired by the applicant, Sherry A. Yerger, t/a Sherry's Cozy Inn, in July 1973, for the express purpose of operating a restaurant thereon.

3. The inn premises are located in an area of rural scenic beauty surrounded by tourist attractions, recreational facilities and historic sites, all open to the public, including the following:

a. Merritt Doll Museum, Americana Museum, and a renovated old school house, located across the street

from the inn premises, having approximately 150 visitors per day May through October, 90 percent of whom are from out of State, including numerous bus tour groups.

b. Amity Athletic Club located opposite the inn premises, consisting of 420 acres, including foot, horse and bike trails and picnic areas.

c. Daniel Boone Homestead and other restored pioneer era buildings (State historic site), located two and one-half miles from the inn premises and consisting of 600 acres, having 98,403 visitors in 1973.

d. Old Swede Home, a restored original Swedish development in Berks County, located five minutes drive from the inn premises.

e. Hopewell Village National Historic Site, located seven miles from the inn premises, and consisting of a restored colonial village, 500 acres, and having 125,000 visitors in 1973.

f. French Creek State Park, located seven miles from the inn premises, and consisting of three lakes, picnic and camping areas, 6,800 acres, and having 90,000 overnight campers in 1973.

g. Pottsgrove Manor, a restored civil war house, located seven minutes drive from the inn premises. .

h. Amityville Village, a cluster of restored buildings and an antique center, located ten minutes drive from the inn premises.

i. St. Peter's Village, a restored victorian era village, located 15 minutes drive from the inn premises and having 1,500 to 2,000 tourists on weekends.

j. Nolde Forest State Park and Environmental Education Center, consisting of 644 acres and located 15 minutes drive from the inn premises, having 25,000 visitors per year.

k. Thirteen golf courses located within 20 to 30 minutes drive from the inn premises.

l. Doe Mountain Ski Area, including three ski runs, located within 30 minutes drive of the inn premises.

m. Various fishing and hunting areas and facilities in the general area surrounding the inn premises.

4. Numerous motels are located in the vicinity of the inn premises, including The Rainbow, Cedar Haven, and Modern Motel, none of which serves food, Hillside, which serves only breakfast, Candlelight, which serves only snacks, and Dutch Colony, Downtown Motor Inn and Holiday Inn, which serve regular meals.

5. The four restaurant liquor licensed establishments in Amity Township are: (a) Steinel's Inc., t/a Rummy's Polynesian House, which is a nightclub type facility open only after 4 p.m.; (b) Agnes Hasselhman (a/k/a Candlelight Inn or Motel), which is a bar type facility serving only snacks; (c) C. L. Yost, Inc., which limits food servings to platters, soups or sandwiches, and (d) Amity House, Inc., which serves regular lunches and dinners. Except for Rummy's Polynesian House which is open only after 4 p.m., none of these establishments has dining facilities to accommodate bus tour groups in addition to regular patrons.

6. The retail liquor licensed dispenser eating place in Amity Township is known as Wiler's; the hotel liquor licensed establishments in Amity Township are (a) Yellow House Hotel which serves only snacks, and (b) Douglassville Hotel which serves only snacks, except on Friday and Saturday when dinners are also served; the catering club liquor licensed establishment in Amity Township is Monarch Fire Co. No. 1; none of these establishments has dining facilities to accommodate bus tour groups in addition to regular patrons.

7. Among the above-mentioned eight licensed establishments, the inn premises are the closest in loca-

tion to Hopewell Village National Historic Site and French Creek State Park.

8. By action of the Amity Township Board of Supervisors on October 5, 1973, the zoning classification for the area encompassing the inn premises was changed by ordinance from RU (rural) to LB (local business), thereby permitting the operation of a restaurant liquor licensed establishment in the area where such operation was theretofore prohibited.

9. Applicant proposes to locate on the inn premises four dining rooms, the main dining room to accommodate 80 to 90 persons, two smaller dining rooms to accommodate 20 persons each, the bar to be located in the downstairs lounge-dining room, which bar will serve all four dining room areas, proposes to be open seven days a week, 11 a.m. to 11 p.m., provide full menu servings for lunch and dinner, and proposes to cater to tourists, including bus tour groups.

## DISCUSSION

The approval or refusal of the issuance of a liquor license to an applicant is a matter within the discretion of the Liquor Control Board, and on appeal the court cannot substitute its discretion for that of the board but must determine, on the basis of the record made at the de novo hearing, whether or not the board abused its discretion: Bierman Liquor License Case, 188 Pa. Superior Ct. 200 (1958); Bilinsky v. Liquor Control Board, 7 Comm. Ct. 312 (1972). In the instant case, this court concludes that the board abused its discretion in refusing to approve issuance of the license, and applicant's appeal must, therefore, be sustained.

Section 461(b) of the Liquor Code, supra, provides for an exception, inter alia, to the quota of liquor licenses for a municipality, as follows:

"(b) The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area."

The board found that the inn premises proposed to be licensed are not located within a resort area. The code does not define the term "resort area," but upon review of the history of the legislation in question, the Pennsylvania Superior Court in Bierman Liquor Liquor License Case, supra, set forth, at page 204, a broad definition as follows:

"The proceedings before the legislature at the time of the enactment of the original statute[3] disclose that this exception to the quota rule 'was drafted solely for the purpose of having an equitable distribution of licenses' in areas wherein, at certain seasons, the 'population' is greatly increased, 'making it quite obvious that the usual number of licenses would not be adequate to serve the people'. It is apparent that the legislature contemplated the seasonal influx of a large number of temporary inhabitants and the presence of suitable accommodations for this 'transient population'."

In Willowbrook Country Club, Inc. Liquor License Case, 409 Pa. 370, 373 (1962), the Pennsylvania Supreme Court affirmed the definition of resort area by the Superior Court in Bierman, and also stated the following: "Webster's New International Dictionary (3rd Ed. 1961) defines a 'resort' as 'a place frequented in numbers; a popular place of entertainment or recreation.' Black's Law Dictionary (4th Ed. 1951) defines a 'resort' as 'A place of frequent assembly'." This language of the appellate courts thus leads to the conclusion that what the legislature contemplated in considering the resort area exception was a large seasonal influx of visitors temporarily in the area.

"[3] Act of June 24, 1939, P. L. 806."

Although the attractions, facilities and sites listed in the above findings are open to the public all year, the record establishes that the period of maximum activity in the area is between April and October. Considering the large number of visitors during these months, particularly the warm summer months, and the numerous attractions, facilities, sites and motels visited and used by them, this court concludes that the inn premises are located within an existing resort area. It is noted that the board enforcement officer testified that, in his opinion, the general area in question was a resort area. In Riviera Country Club Liquor License Case, 201 Pa. Superior Ct. 70, 75 (1963), in referring to Willowbrook Country Club Liquor License Case, 198 Pa. Superior Ct. 242 (1962), and which latter case was affirmed by the Pennsylvania Supreme Court, supra, the Superior Court stated at page 75: "The nature of this general territory as a resort area was in effect admitted by the Board's enforcement officer", and stated at page 76: "It is our view that the term 're-sort area', as used by the legislature, necessarily connotes a territory already given over to resort purposes."

The final finding of the board is that there is no evidence of necessity for any additional restaurant liquor licenses in Amity Township. The record shows, and the board so finds, that there are four restaurant liquor licenses and one retail dispenser eating place license counted against the quota for Amity Township, and that there are two hotel liquor licenses and one catering club liquor license which are not counted against the quota for this area. However, the record also shows that, except for Amity House, none of these licensed establishments offers a full menu of lunches and dinners, and only one establishment is large enough to

accommodate bus tour groups, but it does not open until 4 p.m. The Pennsylvania Superior Court in Willowbrook Country Club Liquor License Case, supra, stated at page 246:

"(A)s we pointed out in the William Penn Sportsmen's Association and Mannitto Haven cases, the requirement of necessity in a resort area must be considered in the light of the circumstances under which the applicant operates. 'The term "actual necessity" in determining the need for a liquor license will be given a broad construction so as to mean substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility'."

In the instant case, the board enforcement officer testified that, in his opinion, there was a need for another licensed establishment such as Sherry's Cozy Inn in the general area in question. Considering all of the evidence, it is readily apparent that there is a need which is not being adequately met by the existing licensed establishments in Amity Township and that, therefore, there is a need for an additional restaurant liquor licensed establishment in this area.

## CONCLUSIONS OF LAW

1. The premises proposed to be licensed, namely Sherry's Cozy Inn, is located in a resort area within the meaning of the Liquor Code.

2. There is a clear necessity for an additional restaurant liquor license in Amity Township, Berks County.

And now, June 20, 1974, it is ordered that the appeal from the order of January 8, 1974 of the Pennsylvania

Liquor Control Board refusing the application of Sherry A. Yerger for new restaurant liquor license for premises at Route 422, Amity Township, Berks County, Pa., is sustained, and the Liquor Control Board is directed to issue said license upon compliance with conditions otherwise required by law.