## Riviera Country Club Liquor License Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

reargument refused January 8, 1962.

*John E. Caputo,* Special Assistant Attorney General, with him *Horace A. Segelbaum* and *George G. Lindsay,* Assistant Attorneys General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Samuel Avins,* with him *H. David Rothman,* for appellee.

638

This is an appeal from an order of the County Court of Allegheny County, ordering and directing the Pennsylvania Liquor Control Board to issue to the Riviera Country Club a club liquor license for premises located in Wilkins Township, Allegheny County, Pennsylvania.

Prior to January 1959, the original ten members of the Riviera Country Club met and formed that organization. In January 1959, the club's name was adopted and the first plans for the club's physical plant were submitted. Later in 1959 substantial mortgage commitments were obtained together with a construction contract. The mortgage was recorded May 9, 1960 and on May 12 ground was broken and construction of the club building was begun with a projected October, 1960 completion date. At all times, negotiations took place and obligations were incurred in the name of Riviera Country Club, and none of the members ever intended to assume any individual liability for the obligations of the club. It was always understood that all obligations would be met by the corporation.

The club was chartered by the Court of Common Pleas of Allegheny County as a nonprofit corporation on January 18, 1960, and the officers filed an application for a club liquor license on February 1, 1960.

There being three applications for the one vacancy in the quota for Wilkins Township, hearings were held in connection with each. The Liquor Control Board issued an opinion and order denying the club's application for the reason that it had not been in continuous existence and operation for at least one year immediately prior to filing its application, as provided by the Pennsylvania Liquor Code.

The Riviera Country Club appealed this decision to the County Court of Allegheny County which reversed the Liquor Control Board and decreed that the license

be issued. The Liquor Control Board appealed from the judgment and order and obtained a supersedeas from the lower court.

The Pennsylvania Liquor Code, Act of April 12, 1951, P. L. 90, art. 1, §102, 47 P.S. 1-102 provides for the licensing of two types of clubs. First, those which are incorporated and have been in continuous existence and operation for at least one year immediately preceding the date of application for a liquor license. Second, those clubs which are unincorporated and have been in continuous existence and operation for at least ten years immediately preceding the date of application for the liquor license.

There is no contention here and it is quite clear from the facts that the Riviera Country Club does not fall under the second category and is not entitled to a liquor license as an unincorporated association.

The argument of the appellee is two fold: that the Liquor Code does not require continuous existence and operation as a corporation for one year prior to its application for a liquor license and; apart from the judicial construction of the questioned provision of the Act, the Riviera Country Club was nevertheless a de facto corporation for one year prior to the filing of the application and therefore met the requirements of the Liquor Code.

In the definition of club as set forth in the Code it is provided in part that:

" 'Club' shall mean any reputable group of individuals associated together . . . which, if incorporated, has been in continuous existence and operation for at least one year, . . ."

From the opinions of this Court in *Young Men's Republican Club of the 15th Ward Liquor License Case*, 125 Pa. Superior Ct. 486, 190 A. 527, and *Neptune Liquor License Case*, 124 Pa. Superior Ct. 549, 190 A. 156,

although the basic question in both was the continuity of existence of a long chartered club, it is clear that the Court construed the words in the definition to mean that there must have been continuous corporate activity.

The appellee contends that the legislative reason for making the requirement for continued existence of corporations less than that of noncorporations was because the determination by the Court of Common Pleas of the worth and permanent nature of the group in issuing a charter is a logical substitute, and the time period set forth does not mean that the organization must be incorporated throughout, but only in existence. We cannot agree with this contention in view of the fact that the legislature amended the Liquor Control Act extending the statutory period from six months to one year. This certainly would be an illogical move on the part of the legislature if the time period set forth in the Act was not applicable to corporate existence, but merely to existence as an organization. We conclude therefore, that the wording of the statute means that for an incorporated club to be eligible for a liquor license it must have been incorporated for at least one year prior to the filing of its application for said liquor license.

The court below found as a fact that the club actually had one year's continuous existence immediately preceding the application, basing its finding on evidence of organizational and promotional activities that had been going on for approximately a year prior to the actual incorporation of the club. The court concluded that the club had a de facto existence and ordered the issuance of a license.

The Supreme Court of Pennsylvania has set forth three necessary requirements for an organization to be classified as a de facto corporation. First, there must be a law or charter under which an organization might

be effected.   Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual.   Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter. *Re Gibbs's Estate. Hallstead's Appeal,* 157 Pa. 59, 27 A. 383.

The Riviera Country Club has complied with the first requirement in that it did organize under the Nonprofit Corporation Law, Act of May 5, 1933, P. L. 289, 15 P.S. 2851, as amended.   However, as to the second requirement, other than the one instance when the club did organize and obtain its charter, January 18, 1960, there is no evidence of any attempt to organize either one year prior to its application for a liquor license or at any previous time.

Since there was no effort to incorporate a year or more prior to the filing of the application, there is nothing on which an assumption and exercise of corporate powers could be predicated.   There is nothing in the record of this case to show such assumption.

Therefore we conclude that the promotional and organizational activities during the year preceding the actual incorporation of the club do not meet the standards set for a de facto corporate status.   Consequently the Riviera Country Club has not complied with the requirements prescribed by the Pennsylvania Liquor Code, since there was not one year's continuous existence and operation as a corporation immediately preceding the filing of the application.

Order reversed.