Kreiser Liquor License Case.

Argued September 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Robert H. Jordan*, Special Assistant Attorney General, with him *Horace A. Segelbaum*, Assistant Attorney General, and *Thomas D. McBride*, Attorney General, for appellant.

*W. Hamlin Neely*, with him *Jacob Philip*, for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

On July 24, 1957, Gertrude M. Kreiser filed with the Pennsylvania Liquor Control Board an application for a restaurant liquor license at premises in Franklin Township, Carbon County, upon the theory that the

municipality in question is located within a resort area. The Board refused the application, whereupon Mrs. Kreiser appealed to the Court of Quarter Sessions of Carbon County. Said tribunal by opinion and order dated June 9, 1958, directed that the license be granted. The Board has appealed.

The reasons assigned by the Board for refusing the application are as follows: "1. As provided by the law, Franklin Township, Carbon County, has a quota of three licenses for the retail sale of liquor and malt beverages, and there are now five such licenses in effect of the type counted against the quota. Accordingly, the legal quota for the township is now exceeded. 2. The establishment proposed to be licensed under this application is not in a resort area, as claimed by the applicant. 3. There is no evidence of any necessity for an additional restaurant liquor license in the township".

The court below, after making thirty-five findings of fact, came to the following conclusions: "1. The Appellant's premises are located within a resort area. 2. There is a reasonable necessity for the issuance of a Restaurant Liquor License to the Appellant . . . 3. Under all the conditions and, particularly, in view of the finding that the area is in fact a resort area, the Court concludes that the Pennsylvania Liquor Control Board erred in refusing to issue to Appellant a Restaurant Liquor License".

This appeal is governed by our opinion in *Bierman Liquor License Case*, 188 Pa. Superior Ct. 200, 145 A. 2d 876, the pertinent portions of which will not be repeated but are incorporated herein by reference. Of particular significance are the following findings of fact made by the court below: "31. The proposed licensed establishment is situate in an area half devoted to farming and half forest area . . . 32. There

are no summer boarding houses, no resort hotels and no tourist homes within the immediate area of the proposed establishment". The circumstance that many motor vehicles pass the premises, especially during hunting and fishing seasons, is not material to the issue. It is clear from the record that, except for the occupants of fifteen summer cottages within a three-mile radius, there is no influx whatever of temporary inhabitants. Nor are there suitable accommodations for a transient population.

We are convinced that the Board was not chargeable with an abuse of discretion and its conclusion that the municipality was not located within a resort area should not have been disturbed by the court below. In our view of the case, it is unnecessary to consider the question of necessity.

Order reversed.

————

DISSENTING OPINION BY GUNTHER, J.:

This appeal is from an order of the Court of Carbon County reversing the Pennsylvania Liquor Control Board.

Gertrude M. Kreiser filed an application for a restaurant liquor license for the premises known as Walcksville Luncheonette, located in Franklin Township Carbon County. A hearing was held to determine whether or not the premises were located in a resort area and therefore qualified for a license under the exception to the quota rule. The Pennsylvania Liquor Control Board, after hearing, decided that the premises were not in a resort area and that there was no necessity for an additional restaurant liquor license in Franklin Township. An appeal was filed to the Quarter Sessions Court and heard de novo. The court reversed the board and granted the license after find-

ing the premises to be located in a resort area and sufficient evidence of necessity.

The questions to be determined by this appeal are whether there is sufficient evidence in the record to show that Franklin Township, Carbon County is located in a resort area and whether there is a necessity for another license.

Petitioner presented thirteen witnesses who testified that the premises were located in a resort area and that there is necessity for an additional licensed establishment in the area.

There are several streams with many miles of fishing. Among the streams are: White Oaks, Kreiser Hollow, Pine Hollow, Saw Mill, Berry, Long Run and Poho Poco. The streams are well stocked with fish by the Commonwealth of Pennsylvania. There is also an abundance of both large and small game animals, which provide hunting for sportsmen. The premises also adjoins the Kriss Pines property which provides excellent fishing areas for the public and attracts numbers of sportsmen.

The testimony reveals that applicant's premises is the only place on the highway from the Mahoning Turnpike entrance to the Poconos which serves full course meals to the public; that there are no summer boarding houses or tourist homes within the immediate area of the proposed establishment; and that large number of cars pass the premises during hunting and fishing seasons.

Paul C. Kresge, an enforcement officer for the Pennsylvania Liquor Control Board, testified that he made an investigation of the Walcksville Luncheonette to determine whether the location is within a resort area. He stated that he found several streams which were used for fishing, that Kriss Pines Hatchery is in the vicinity; he found no boarding houses or tourist

homes but about seventeen cottages within 2 or 3 miles of the premises. He made his investigation during the small game hunting season and found evidence of hunting in the area. He made no investigation of the area in the summer and could not state the number of people that go there in that season. He was asked on cross-examination:

"Q. How is the hunting in that area? A. The hunting is always good." The testimony of other witnesses describes and depicts Kriss Pines as a fishermen's paradise. There are six dams in the area for swimming, and fishing; three are located at Camp Chickawaki, one at Ralph Neeb's, and one at Kunkle's.

Rayel Hill, a former state fish warden for eleven years, testified that the area is the best hunting and fishing area that they have, that the seven streams surrounding the premises provide twenty miles of the best fishing and are stocked regularly by the State.

From the evidence as presented in the record it would be difficult not to find that the premises are located in a resort area.

The second question for our consideration is whether applicant produced sufficient evidence to establish a necessity for a new license within the area.

Necessity must be weighed by the number of tourists, hunters, fishermen and transient visitors who come into the area during fishing and hunting seasons.

The evidence does disclose that there is a great influx of transient trade in the area and that the nearest licensee is four miles from the premises.

The testimony of several witnesses, including a competitor of the applicant, clearly establishes the necessity for the issuance of a license. The Pennsylvania Liquor Control Board produced one witness who failed to deny or testify at all with respect to the necessity of a liquor license in this area. The enforcement offi-

cer confined his investigation of the area to a one-day visit in the area in the fall of 1957. The applicant produced residents, police officers and business competitors who testified in support of the necessity for an additional license.

A review of the record in this case reveals that the lower court did not err in reversing the board.

WATKINS, J., joins in this dissent.