## Mannitto Haven Liquor License Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before O'CONNELL, P. J.

*John E. Caputo*, Special Assistant Attorney General, with him *George C. Lindsay* and *Horace A. Segelbaum*, Assistant Attorneys General, and *David Stahl*, Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Blair A. Griffith*, for appellee.

OPINION BY WRIGHT, J., December 14, 1961:

This appeal is governed by our opinion filed this day in *William Penn Sportsmen's Association Liquor License Case*, 196 Pa. Superior Ct. 519, 175 A. 2d 908[2], the pertinent portions of which are incorporated herein

by reference. On March 30, 1960, Mannitto Haven, a nonprofit corporation, filed with the Pennsylvania Liquor Control Board an application for a catering club liquor license at premises in Loyalhanna Township, Westmoreland County. The Board refused the application on the basis of findings of fact identical with those in the companion case. The Court of Quarter Sessions of Westmoreland County sustained an appeal by the applicant, and directed that the license should be issued. This appeal followed.

As in the companion case, appellant now concedes that applicant's club house is in fact located within a "resort area". Essentially the same issue is raised, the only difference being that this applicant desires a catering club license rather than an ordinary club license. So far as the question before us is concerned, the limited additional rights are not material. We again emphasize that appellant does not contend that there is no necessity for additional licenses in the area. The objection is confined solely to the type of license for which application has been made.

The record discloses that both Loyalhanna Woodlands and Mannitto Haven are located in a two thousand square mile area known as Laurel Highlands, which includes portions of three counties. This whole area has been extensively promoted on the basis of its recreational advantages, and has been the subject of feature articles in the Pittsburgh Sunday Press, the New York Times, and the Bulletin of the Department of Internal Affairs. Mannitto Haven contains 715 acres, and operates under a lease from Loyalhanna Development Company, a corporation which holds title to the land. The facilities include a club house, swimming pool, fishing lake, riding stable, archery range, picnic areas, and a golf course. There are 1023 cottage sites, and all the owners of summer homes will be members of the club. In addition, there will be social member-

ships open to selected nonproperty owners who meet the requirements of an investigating committee.

In brief, we agree with the hearing judge "that there is a necessity for a club catering license for this area". As pointed out in the companion case, the requirement of necessity in a resort area must be considered in the light of the surrounding circumstances.

Order affirmed.