Gismondi Liquor License Case.

Argued November 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

620

*Ira B. Coldren, Jr.*, with him *Coldren & Adams*, for appellants.

*David E. Cohen*, with him *Hugh J. Lane*, for appellees.

OPINION BY WRIGHT, J., December 12, 1962:

This appeal involves the refusal of the Pennsylvania Liquor Control Board to approve the transfer of a restaurant liquor license to premises at 303 Morgantown Street in the City of Uniontown. The action of the Board was reversed by the Court of Quarter Sessions of Fayette County, and the protestants have appealed to this court.

This appeal has been thoroughly briefed and ably argued on both sides. The relevant statutory provisions are contained in Sections 404 and 464 of the Liquor Code.[1] Section 404 (47 P.S. 4-404) reads in pertinent part as follows: "Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels

---

[1] Act of April 12, 1951, P. L. 90, 47 P.S. 1-101 et seq.

and oil: And provided further, That the board shall re-
fuse any application for a new license or the transfer
of any license to a new location if, in the board's opin-
ion, such new license or transfer would be detrimental
to the welfare, health, peace and morals of the inhabit-
ants of the neighborhood within a radius of five hun-
dred feet of the place proposed to be licensed". Sec-
tion 464 (47 P.S. 4-464) reads in pertinent part as fol-
lows: "Any applicant who has appeared before the
board or any agent thereof at any hearing, as above
provided, who is aggrieved by the refusal of the board
to issue any such license or to renew or transfer any
such license may appeal, or any church, hospital, char-
itable institution, school or public playground located
within three hundred feet of the premises applied for,
aggrieved by the action of the board in granting the
issuance of any such license or the transfer of any
such license, may take an appeal limited to the ques-
tion of such grievance, within twenty days from date
of refusal or grant, to the court of quarter sessions of
the county in which the premises applied for is located
or the county court of Allegheny County . . . The court
shall hear the application de novo on questions of fact,
administrative discretion and such other matters as
are involved, at such time as it shall fix, of which no-
tice shall be given to the board. The court shall either
sustain or over-rule the action of the board and either
order or deny the issuance of a new license or the re-
newal or transfer of the license to the applicant. The
parties to the proceeding may, within thirty days from
the filing of the order or decree of said court, appeal
therefrom to the Superior Court".

The first question for our determination is whether
protestants have the right to appeal. They are "inhabit-
ants of the neighborhood within a radius of five hun-
dred feet of the place proposed to be licensed". The
record discloses that, upon learning of the proposed

transfer, appellants filed written objections with the Board. On September 26, 1961, there was a hearing on the application before the Board's examiner at which time appellants appeared by counsel, submitted the testimony of two witnesses, and read into the record the names of sixteen other protestants who were present and prepared to give similar testimony. On October 5, 1961, the Board filed an order refusing to permit the proposed transfer. The applicants then appealed to the Court of Quarter Sessions. At the outset of the initial hearing before Judge FEIGUS on November 10, 1961, counsel for the protestants entered his appearance. Before cross-examining the Board's first witness, counsel for the protestants offered to read into the record the names and addresses of the persons whom he represented. The hearing judge ruled "that any protestant who desires should appear in person and protest . . . And we will permit Mr. Coldren to appear on behalf of the protestants". During the course of the several hearings, some twenty of the protestants appeared in person and gave testimony in opposition to the proposed transfer. On February 1, 1962, the hearing judge filed an adjudication with order nisi reversing the Board and directing transfer of the license. To this nisi order the protestants filed exceptions which were argued before the court en banc. On March 26, 1962, the exceptions were dismissed and a final order entered.

It is the position of appellees that, unless language can be found in the Liquor Code "explicitly authorizing" an appeal by protestants, the appeal must be quashed. They cite *Coverdale Appeal*, 188 Pa. Superior Ct. 587, 149 A. 2d 573, wherein we held that a person named corespondent in a divorce action could not appeal from a decree granting a divorce on the ground of adultery. The basis of our decision was that the legislature had expressly limited the right of ap-

peal to "either of the parties", and did not intend to include a corespondent. The case is not controlling in the present situation. Appellees argue that Section 464 of the statute limits the right of appeal to (1) any applicant aggrieved by the refusal of the Board to issue, renew or transfer a license, and (2) any church, hospital, charitable organization, school or public playground located within three hundred feet of the premises applied for and aggrieved by the action of the Board.[2]

Principal reliance is placed by appellees on *Seitz Liquor License Case,* 157 Pa. Superior Ct. 553, 43 A. 2d 547, wherein we held that a resident property owner could not appeal from an order of the Board granting the transfer of a liquor license to a location near his residence. The *Seitz* case was decided in 1945, and correctly interpreted the statute as it then read. However, it is not an authoritative application of the statutory provision presently in effect. In 1948, when the statute then in effect contained a provision similar to that in the present Liquor Code that the Board had discretion where the premises involved were within three hundred feet of a church, but did not contain (as it does now) express statutory authority for the church to appeal, we held that a church located within three hundred feet of a proposed licensed establishment was

---

[2] Appellees' argument would apparently preclude appeals by the Board, but this court has regularly heard such appeals. See, inter alia, *Bierman Liquor License Case,* 188 Pa. Superior Ct. 200, 145 A. 2d 876; *Kreiser Liquor License Case,* 188 Pa. Superior Ct. 206, 145 A. 2d 880; *Levin Liquor License Case,* 196 Pa. Superior Ct. 328, 175 A. 2d 336; *William Penn Sportsmens Association Liquor License Case,* 196 Pa. Superior Ct. 519, 175 A. 2d 908; *Mannitto Haven Liquor License Case,* 196 Pa. Superior Ct. 524, 175 A. 2d 911; *Willowbrook Country Club, Inc. Liquor License Case,* 198 Pa. Superior Ct. 242, 181 A. 2d 698, affirmed 409 Pa. 370, 187 A. 2d 154; *Wildwood Golf Club Liquor License Case,* 199 Pa. Superior Ct. 353, 185 A. 2d 649.

a proper appellant: *Azarewicz Liquor License Case,* 163 Pa. Superior Ct. 459, 62 A. 2d 78. Our opinion in that case contains the following pertinent statement: "Since the statute provides that the Board may refuse a license for premises within 300 feet of a church, the legis‑ lative intent is clear that a church has a direct interest to protect and to be protected, and was given a status above and different from that of a remonstrant. It is undoubtedly a party aggrieved by the order of the court below".

In 1956, the Supreme Court handed down its opin‑ ion in *Obradovich Liquor License Case,* 386 Pa. 342, 126 A. 2d 435, wherein objection had been made to the transfer of a license on the ground that it threatened the quiet character of the neighborhood. Reversing this court, the Supreme Court held that the Board had no discretion to refuse the transfer of a license because of remonstrances of neighbors or other considerations. Chief Justice STERN pointed out that it is "for the legis‑ lature to enact whatever changes therein it may deem desirable; if the legislature wishes to amend the Code as now construed it may readily do so". It is impor‑ tant to note that Section 404 was subsequently amend‑ ed by the Act of August 25, 1959, P. L. 746, to cover the situation presented in the *Obradovich* case.[3] In our view, this is a clear mandate from the legislature to protect the interests of the inhabitants of the neigh‑ borhood within a five hundred foot radius. When such persons protest a proposed transfer, as in the case at bar, they become parties aggrieved by an adverse de‑ cision of the Board or of the lower court.

---

[3] "And provided further, That the board shall refuse any ap‑ plication for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hun‑ dred feet of the place proposed to be licensed".

Appellees have cited numerous cases wherein appeals were denied on the ground that the parties appellant had no right of appeal. However, in view of the present language of Section 404 of the Liquor Code, we are of the opinion that the reasoning in the cited cases actually supports the right of the present appellants to appeal. For instance, in the most recent case cited, *Hamilton Appeal,* 407 Pa. 366, 180 A. 2d 782, Mr. Justice EAGEN pointed out that, to have the right of appeal, there must be "some personal right, necessary to be specially protected. This personal right, or beneficial interest, must be distinct from that of the general public and differ therefrom in kind and substance". These appellants formally appeared in the court below, were represented by counsel, and actively participated in the hearing. The record is replete with testimony tending to show that they will be immediately and personally affected by the proposed transfer in a manner distinct from that of the general public. There was evidence showing the impact on property values, the increased traffic and parking difficulties, and other alleged adverse effects. These considerations are of immediate and actual consequence to those who reside in the area surrounding the proposed licensed premises. The legislature specifically recognized this situation in the amendatory Act of 1959. Just as a church was held to be a "party aggrieved" in the *Azarewicz* case, so must the protestants, inhabitants of the neighborhood within a radius of five hundred feet, be held to be "parties to the proceeding" with the right to appeal.

The appeal on its merits presents little difficulty. Each brief states the question involved as follows: "Did the Liquor Control Board abuse its discretion by refusing to permit the appellees to transfer their liquor license to a new location". At the outset, it is important to note that both the Board and the lower court

found as a fact, and there is no dispute in this regard, that the proposed establishment is located within two hundred feet of other licensed premises. The rationale of the Board's opinion is set forth in the footnote.[4] Two considerations influenced the Board's decision: (a) the presence of another licensed establishment within a distance of two hundred feet, and (b) the adverse effect upon the welfare, health, peace and morals of the inhabitants of the neighborhood within a five hundred foot radius.

It is settled law that the function of the court of quarter sessions on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion: *Booker Hotel Corporation Liquor License Case,* 175 Pa. Superior Ct. 89, 103 A. 2d 486. "Discretion . . . is, by the express language of the Liquor Code, vested in the Board. 'The court of quarter sessions is not authorized to exercise administrative discretion; this is vested in the Board' . . . 'We recognize that administrative discretion must be subject to judicial scrutiny or it will no longer be discretion but tyranny . . . However, there must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board' . . . While it is upon the record made at the hearing de novo that the court of quarter sessions determines whether or not the Board abused its discretion . . . the court of

---

[4] "The Board is of the opinion that under all of the evidence, the protests should be sustained and that in a reasonable exercise of the discretion authorized by law, this application for transfer of a restaurant liquor license to premises which are in a predominantly residential section of the community, and within 200 feet of another licensed place, should be refused, it being apparent that such transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of 500 feet of the place proposed to be licensed".

quarter sessions may not substitute its discretion for that of the Board": *Bierman Liquor License Case*, 188 Pa. Superior Ct. 200, 145 A. 2d 876.

In addition to the provision quoted in footnote 3, the amendment of August 25, 1959, P. L. 746, added another provision in Section 404 giving the Board discretion "if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board". It is readily apparent that the power of the Board, where there is another licensed establishment within two hundred feet of the proposed licensed premises, is the same as it has been for many years in situations where the proposed licensed premises are within three hundred feet of a church, hospital, charitable institution, school or public playground. The question of the exercise of the Board's discretion in such situations should have been set at rest for all time by our decision in *425-429 Liquor License Case*, 179 Pa. Superior Ct. 235, 116 A. 2d 79. The following language from the opinion in that case applies with equal force to the present appeal (italics supplied) : "In other words, the legislature determined as a matter of policy that when one of the enumerated institutions is within the 300 feet, *that alone*, without any other evidence concerning reputation of the parties, the need in the neighborhood for a respectable place to dine, et cetera, is sufficient upon which to base a refusal to grant or transfer a license". In the case at bar, having found that "the proposed premises are located approximately 75 feet distant from other tavern premises", the court below had no right to substitute its discretion for that of the Board.

While our decision does not rest on this point, we are impelled to add that, under the provision (footnote 3) relating to the effect upon the inhabitants of the neighborhood within a radius of five hundred feet, we are of the opinion that the lower court similarly

628

exceeded its authority. Our review of the testimony in this record clearly reveals that the evidence "warranted a conclusion that the issuance of a liquor license at the particular establishment would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood". Cf. *Tate Liquor License Case*, 196 Pa. Superior Ct. 193, 173 A. 2d 657. The restrictive provisions of the Code, found in Section 404, must be liberally construed to carry out the purposes therein expressed: *Subers Liquor License Case*, 173 Pa. Superior Ct. 558, 98 A. 2d 639; *Rzasa Liquor License Case*, 179 Pa. Superior Ct. 30, 115 A. 2d 797. They must be interpreted in the interest of the public welfare and not in aid of persons seeking the transfer of a liquor license for private gain: *Weiss Liquor License Case*, 187 Pa. Superior Ct. 89, 142 A. 2d 385; *Clinton Management, Inc. Liquor License Case*, 188 Pa. Superior Ct. 8, 145 A. 2d 873.

Order reversed.