Opinion by
Rhodes, P. J.,
This is an appeal by the Pennsylvania Liquor Control Board from an order of the County Court of Allegheny County reversing the order of the board. The board had refused the transfer of a club liquor license of the Seventeenth Ward United Veterans Association to premises formerly occupied by the Lindy Club, Inc., 508 Court Place, Pittsburgh. The Lindy Club operated under a club liquor license on the second and third floors of 508 Court Place, Pittsburgh.
On May 1, 1962, the Lindy Club license was placed in custody of the board, and subsequently, on February 5, 1963, this license was revoked by the board for numerous violations, including sales to nonmembers, sales after hours, permitting solicitation of patrons for immoral purposes, and solicitation for the purchase of alcoholic beverages.
On January 7, 1963, the Veterans Association filed with the board an application for the transfer of its club liquor license to the premises located at 508 Court Place.
After a hearing on April 23, 1963, the board refused the “place to place” transfer of the Veterans Association license for the reasons that a former license for the premises was revoked on February 5, 1963; that *198 the Lindy Club’s manner of operation at the premises was unsatisfactory; and that therefore the premises could not be considered a reputable place as required by law.
The board having refused to transfer the license, applicant appealed to the County Court of Allegheny County.[1] That court reversed the order of the board and directed the board to transfer the license to the premises requested. The court found that, coupled with the time the license was in escrow, the premises had not been operated for almost eighteen months; that neither the Lindy Club nor the applicant, nor any of its officers or members are owners of the premises or related in any way to the owners; and that the board in its discretion should have approved the transfer under section 471 of the Liquor Code.
The issue before this Court is whether the County Court of Allegheny County may substitute its discretion for that of the Pennsylvania Liquor Control Board and approve the transfer of a liquor license.
Section 471 of the Liquor Code, as amended, 47 PS §4-471, states: “In the event the board shall revoke a license, no license shall be granted for the premises or transferred to the premises in which the said license was conducted for a period of at least one year after the date of the revocation of the license conducted in the said premises, except in cases where the licensee or a member of his immediate family is not the owner of the premises, in which case the board may, in its discretion, issue or transfer a license within the said year.”
A reading of section 471 discloses the grant of an administrative discretion to the board. The function *199 of the court of quarter sessions on appeal is not to substitute its discretion for that of the board, but merely to determine whether the board abused its administrative discretion. Gismondi Liquor License Case, 199 Pa. Superior Ct. 619, 626, 186 A. 2d 448. A court of quarter sessions is not authorized to exercise administrative discretion; this is vested in the board. Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89, 93, 103 A. 2d 486. What we said in Bierman Liquor License Case, 188 Pa. Superior Ct. 200, 203, 145 A. 2d 876, 878, is applicable here. “ ‘We recognize that administrative discretion must be subject to judicial scrutiny or it will no longer be discretion but tyranny. . . . However, there must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board.’ . . . While it is upon the record made at the hearing de novo that the court of quarter sessions determines whether or not the Board abused its discretion, . . . the court of quarter sessions may not substitute its discretion for that of the Board.” See, also, Gismondi Liquor License Case, supra, 199 Pa. Superior Ct. 619, 626, 627, 186 A. 2d 448.
We fail to find any abuse of discretion by the board, and we are of the opinion that the court below improperly substituted its discretion for that of the board.
The order is reversed.

 Under section 471 of the Liquor Code, as amended, 47 PS §4-471, appeals from the order of the board shall be to the Court of Quarter Sessions, or, in the case of Allegheny County, to the County Court.