## White Oak Borough *v.* Kusic.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Edward J. Osterman,* for appellant.

*Charles N. Caputo,* for appellee.

OPINION BY JUDGE BLATT, January 9, 1973:

This case has arisen out of the same fact situation as did *Liquor Control Board v. Kusik,* 7 Pa. Commonwealth Ct. 274, 299 A. 2d 53 (1973). Gloria Kusic (Kusic) possesses a Restaurant Liquor License which she sought to transfer from McKeesport to a location in White Oak Borough (Borough). The Liquor Control Board (Board) refused Kusic's application to transfer and she appealed to the Court of Common Pleas of Allegheny County. That court reversed the order of the Board and directed that Kusic be permitted to transfer the license. The Borough thereafter filed an appeal with this Court. Kusic has filed a motion to quash the appeal on the basis that a municipality is not included among the aggrieved parties listed in §464 of

the Liquor Code, Act of April 12, 1951, P. L. 90, as amended, 47 P.S. §4-464, who may appeal from a decision of the Board.[1]

The Borough contends that although it is not included in this list of those who may appeal from a decision of the Board, it is given that right under the reasoning used by the Superior Court in *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A. 2d 448 (1962). After a careful consideration of this issue, we find that we cannot agree with the Borough and must quash the appeal.

The Borough participated in this case before the Board as a protestant. It was represented by counsel and presented two witnesses, the mayor and the council president. When Kusic appealed to the lower court, the record discloses no effort by the Borough to intervene or to enter an appearance. Such action would be necessary to establish the Borough as a party below (ex-

---

[1] Section 464 states in pertinent part: "Any applicant who has appeared before the board or any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal, or any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of quarter sessions of the county in which the premises applied for is located or the county court of Allegheny County. Such appeal shall be upon petition of the aggrieved party, who shall serve a copy thereof upon the board, whereupon a hearing shall be held upon the petition by the court upon ten days' notice to the board, which shall be represented in the proceeding by the Department of Justice. The said appeal shall act as a supersedeas unless upon sufficient cause shown the court shall determine otherwise. The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board."

cluding for the moment the issue of whether the Borough had a right to intervene or appear). Because the Borough was not a party below it had no right to appeal to this Court, and for that reason alone the appeal should be quashed. *Alloy Metal Wire Company, Inc., Appeal,* 329 Pa. 429, 198 A. 448 (1938).

In any case, however, §464 precludes the Borough from appealing a decision of the Board. Certainly a municipality may appear before the Board and make known its objections to any application which might affect it, but this is "far different from conceding that by so participating in the proceedings they become parties litigant entitled to an appeal on the merits. . . ." *Seitz Liquor License Case,* 157 Pa. Superior Ct. 553, 556, 43 A. 2d 547, 548 (1945). There is no statutory right of appeal for the Borough and it does not seem that it has any such direct interest in the subject matter of this litigation as would warrant such a right.

It is true that in *Gismondi, supra,* persons living within 500 feet of a proposed site of a new or transferred license were given the right to appeal from an adverse decision of the Board, despite the fact that such persons were not mentioned in §464. In that case, the Legislature had recently amended §404 of the Liquor Code, 47 P.S. §4-404, so as to require the Board to protect the interests of the inhabitants of the neighborhood within a 500-foot radius of the proposed site for a new or transferred license. The Superior Court held that this provision gave such neighbors a direct and personal interest and when such persons protested a proposed transfer they became parties aggrieved by an adverse decision and entitled to appeal.

The situation in this case is not similar. The Legislature has expressed no intent to specifically protect the interests of municipalities insofar as the transfer of liquor licenses may be concerned. The Borough's contention that the 1967 amendment to §468 of the

Liquor Code, 47 P.S. §4-468, which permitted the Board to transfer licenses into municipalities regardless of quota limitations, makes it necessary for such municipalities to take part in Board proceedings in order to protect their interests, appears, indeed, to charge the Board with less of an interest in the concerns of individual municipalities than it previously had. The reasoning of *Gismondi,* therefore, would hardly apply in this case.

Because of the above reasons, we must quash the Borough's appeal.