## Sun Valley Volunteer Fire Company
## Liquor License

*Malos, Baurkot & Baratta,* for appellant.

*Thomas F. Kilroe,* for Pennsylvania Liquor Control Board.

WILLIAMS, P. J., May 10, 1973.—Sun Valley Volunteer Fire Company has appealed from the following order of the Pennsylvania Liquor Control Board:

"AND NOW, March 1, 1973, for the above reasons, it is ordered and decreed that the application for a new club liquor license applied for by Sun Valley Volunteer Fire Company for premises at Westbrook and Juniper

Roads, Chestnuthill Township, Monroe County, be and it is hereby refused."

The reason assigned by the board for the entry of its order is as follows:

"1. As provided by law, Chestnuthill Township, Monroe County, has a quota of one retail license and there are at present two restaurant liquor licenses in effect which are counted against the quota. Accordingly, the quota of retail licenses in the township is exceeded. There are also four hotel liquor licenses and one club liquor license in effect which are not counted against the quota.

"2. Although the Board concedes the premises proposed to be licensed are located in a resort area within the meaning of the Liquor Code, there is no evidence whatsoever of any need for additional club liquor licenses in Chestnuthill Township, Monroe County."

A hearing on the appeal was held on May 2, 1973, at which time it was stipulated that the evidence taken before the board examiner be received into evidence. No other testimony was received but it was agreed if the court, after examining the record of the proceedings before the examiner considered that additional testimony was required to enable the court to decide the appeal, either party could call additional witnesses.

## FINDINGS OF FACT

1. The applicant is a nonprofit corporation organized under the laws of Pennsylvania, with its official address and activities in Monroe County, Pa.

2. The purposes for which the corporation was formed is "To furnish protection to property and human lives from damage or injury caused by fires; and to render first aid and rescue and ambulance services to its members and other owners of lots or residents of Sun Valley, Chestnuthill Township,

County of Monroe and Commonwealth of Pennsylvania and their guests . . ."

3. The corporation has 190 active members. Some are permanent residents of Sun Valley, others spend weekends and vacations in Sun Valley.

4. The corporation is located in a resort area with a large flux of summer visitors but due to the development of winter sports it now enjoys a substantial year-round resort business.

5. The nearest licensee to the premises of the applicant is at a distance of 3.7 miles.

6. The applicant intends, if granted a club license, to make application for a catering license.

7. The premises of the applicant are located in a large development known as Sun Valley and are in walking distance for all residents of Sun Valley and their guests.

8. Chestnuthill Township has a quota of one retail license and there are, at present, two restaurant licenses in effect which are counted against the quota. The quota is, therefore, exceeded. There are also four retail liquor licenses and one club license in effect which under the law are not counted against the quota.

9. Applicant's premises are large enough to maintain banquet facilities if, in fact, a license for that purpose is granted.

10. The applicant is providing a needed voluntary service, similar to many other volunteer fire companies and if it did not do so fire protection would become a substantial tax burden on the residents of Chestnuthill Township.

11. During peak periods, due to the resort trade, particularly on weekends, the existing eating and drinking facilities in Chestnuthill Township are overburdened, and a person desiring to utilize these

facilities will be required to wait in line three or four hours to be served a meal. The bars as well are overcrowded. At times, residents are required to travel considerable distances to find available accommodations for eating and drinking.

12. The applicant is willing to expand its facilities to make them a community service facility. It has been requested to do so by the Supervisors and Planning Commission of Chestnuthill Township.

13. The evidence establishes a substantial need on the part of the applicant for a club liquor license for the pleasure, convenience and general welfare of its members.

## DISCUSSION

Since the license quota for Chestnuthill Township is already exceeded, this court would be obliged to sustain the board's refusal to grant the license were it not for the provision of article IV, sec. 461(b), of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-461, which provides:

"The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area."

Exercise of this power is vested by the legislature in the board. On appeal, this court has no power to substitute its own discretion for that of the board: Bierman Liquor License Case, 188 Pa. Superior Ct. 200, 204 (1958); Gismondi Liquor License Case, 199 Pa. Superior Ct. 619, 626, 627 (1962). This rule is subject to the qualification that the court may reverse the action of the board if such action is based on an abuse of discretion.

Abuse of discretion has been defined in Manns Liquor License Case, 207 Pa. Superior Ct. 340, 343 (1966), where Judge Watkins said:

"In Zermani Liquor License Case, 173 Pa. Superior Ct. 428, at page 431, 98 A. 2d 645 (1953), the Court said: ' "an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." This rule requires a party who questions the action of the board to convince the reviewing court, whether lower or appellate, that the evidence before the court, discloses the tokens of abused discretion.' "

In the instant case, appellant's application for a club liquor license was refused by the board upon a single ground: ". . . there is no evidence whatsoever of any need for additional club liquor licenses in Chestnuthill Township, Monroe County."

It is apparent that the board applied the wrong criterion of "necessity" by measuring it according to the needs of the general public as distinguished from the needs of the club membership. In Minnichbach License, 24 D. & C. 2d 749, 750 (1961), this court, speaking through its then President Judge Fred W. Davis, said:

"The board as the basis of its refusal to grant these appellants a restaurant liquor license found as a fact that 'There is no evidence of actual necessity for an additional restaurant liquor license in Greene Township, Pike County.' If the term 'actual necessity' were given a strict interpretation we doubt that facts could ever be shown that would require the issuance of a liquor license. However, we will not quibble about terms, but will give the expression a broad construction and interpret it to mean substantial need in relation to the pleasure, convenience and general

welfare of the persons who would make use of the facility."

The criterion, thus defined, was applied to an application for a catering club liquor license in the case of Willowbrook Country Club, Inc., 45 Westmoreland 19, 21, 22 (1962). The decree of the court directing that the license be issued was affirmed by the Superior Court (Willowbrook Country Club, Inc. Liquor License Case, 198 Superior Ct. 242, 246, 247 (1962)), and by the Supreme Court: 409 Pa. 370, 374, 375, 187 A. 2d 154, 156 (1962). Mr. Justice Eagen said:

"There is no doubt that to warrant the granting of an additional license in a 'resort area,' it must be clear that there is an actual need, and that the license holders already in business are not adequately equipped to supply the need of those frequenting the area. However, we agree with the conclusion reached in this case by the Superior Court, supra, as stated at page 246: '[That] the requirement of necessity in a resort area must be considered in the light of the circumstances under which the applicant operates. "The term 'actual necessity' in determining the need for a liquor license will be given a broad construction so as to mean substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility."' Accord, William Penn Sportsmen's Association Liquor License Case, 196 Pa. Superior Ct. 519, 175 A. 2d 908 (1961); Mannitto Haven Liquor License Case, 196 Pa. Superior Ct. 524, 175 A. 2d 911 (1961); Minnichbach License (Pike County), 24 D. & C. 2d 749 (1961); and Elkview Country Club, supra."

In Acqua Club Liquor License Case, 202 Pa. Superior Ct. 192, 195, 195 A. 2d 802, 804 (1963), as in the instant case, the board refused to grant a club license on the ground of lack of necessity, although it was

conceded that the premises were in a resort area. The Superior Court affirmed an order of the lower court directing that a license be issued, and President Judge Rhodes said:

"It is apparent to us that the club members have need of the club to store their equipment and to congregate in informal attire. The evidence indicates that this atmosphere and service cannot be furnished by the existing licensed establishments. The term 'necessity' in these cases is not meant for the general public. It is sufficient if a need is established for the pleasure, convenience, and general welfare of the club members rather than convenience or necessity as to the entire resort area. Wildwood Golf Club Liquor License Case, 199 Pa. Superior Ct. 353, 360, 185 A. 2d 649."

The board appears not to have applied the correct rule of law when it refused to grant the applicant a club liquor license. It made no finding of fact that the evidence did not establish a substantial need in relation to the pleasure, convenience and general welfare of the members of the club who would make use of the facility. It simply found there was no need for additional club licenses in Chestnuthill Township. A reasonable inference to be drawn from such finding is that it was referring not to the club membership but to the general public. This interpretation is bolstered by the finding of the board's examiner, page 3 of record:

"The issuance of a resort area license to the applicant would not fill a need nor be for the general benefit of the area in that the applicant organization is a restricted organization and can be used only by members and their guests and not the general public."

In view of the definition of "necessity" adopted by the appellate courts in club license applications, such

a finding constitutes the wrong criterion on which the board's decision must be based.

Since the board made no finding of fact as to whether the evidence established a need in relation to the pleasure, convenience and general welfare of the club members, this court may make its own finding of fact: Haase Liquor License Case, 184 Pa. Superior Ct. 356, 358 (1957).

Viewing the testimony in relation to the needs of the club members, we find the club has 190 members; that the nearest licensed establishment is a distance of 3.7 miles from the club premises; that presently the residents of Sun Valley have no eating or drinking facilities on the Sun Valley development; that the central location of the premises would permit all residents of Sun Valley to walk to the club premises; that the existing eating and drinking facilities in Chestnuthill Township are so crowded that residents of Sun Valley are required, particularly over weekends, to stand in line three or four hours before being served; that at times they must travel substantial distances, such as to Stroudsburg and Blakeslee, to find eating accommodation. The bars of existing licensees in Chestnuthill Township are overcrowded, especially on weekends. The development of winter sports has resulted in a year-round expansion of visitors to the area. The premises of the applicant are in a rapidly growing area. The Postmaster at Effort states that in the summer season the number of persons using the post office facilities increases from 400 to 1,500. Such evidence, in our opinion, warrants the conclusion that the applicant has sustained its burden of showing "a substantial need for a club liquor license in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility."

## CONCLUSIONS OF LAW

1. The parties are properly before the court.

2. The property proposed for license is in a resort area.

3. The Pennsylvania Liquor Control Board abused its discretion in refusing to issue a club liquor license to appellant.

4. The appeal should be sustained.

### DECREE

And now, May 10, 1973, after hearing on the appeal from the refusal of the Pennsylvania Liquor Control Board to issue a club liquor license to Sun Valley Volunteer Fire Company, it is ordered and decreed that the appeal be sustained, and the Pennsylvania Liquor Control Board is directed to issue, to Sun Valley Volunteer Fire Company, a club liquor license for premises located at Westbrook and Juniper Roads, Chestnuthill Township, Effort, Monroe County, Pa., conditioned that the applicant comply with the law, rules and regulations of the Pennsylvania Liquor Control Board in such cases made and provided.