## Marks Appeal

*George T. McKinley,* for appellants.
*Richard Bernstein,* for Pizza Hut.
*William Malone, Assistant Attorney General,* for Commonwealth.

MARSH, *P.J.*, August 28, 1978—This matter is an appeal from the order of the Pennsylvania Liquor Control Board dated March 15, 1978, wherein an application for a new retail dispenser eating place license and provisional Sunday sales permit for premises at 1135 North Ninth Street, Stroud Township, Stroudsburg, Monroe County, Pa., was granted.

On April 6, 1977, Pizza Hut of Pottsville, Inc. filed with the board an application on a prior approval basis for a new retail dispenser eating place license and Sunday sales permit. After proper notices, a hearing was held on January 24, 1978, before James Brown, Esq., a hearing examiner representing the Pennsylvania Liquor Control Board. Based on this hearing, the order hereinafter referred to of March 15, 1977, was made.

An appeal was perfected to this court and a hearing was held on that matter on May 1, 1978. Counsel for appellant and counsel for the board agreed that testimony taken before the hearing examiner would be submitted into evidence, as though the same had been before the court.

It is this court's view that Lennie Marks, Jack Fallenstein and The Pocono Tavern Owners Association, named appellants herein, are not within the categories set forth in section 464 of the Liquor Code of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-464, therefore their right to appeal has not been provided for by the legislature.

The only judicial extension to the specific categories set forth in the above-mentioned statute evolved as a result of the Gismondi Liquor License Case, 199 Pa. Superior Ct. 619, 186 A. 2d 448 (1962). This decision expanded the right of appeal to a class of aggrieved parties who, although not

designated in section 464 of the Liquor Code, 47 P.S. §4-464, were identified in section 404 of the Liquor Code, 47 P.S. §4-404, that section relating to the code's license issuance restrictions. This extension was a reinforcement of ". . . a clear mandate from the legislature to protect the interests of the inhabitants of the neighborhood within a five hundred foot radius. When such persons protest a proposed transfer, as in a case at bar, they become parties aggrieved by an adverse decision of the Board or of the lower court." Gismondi Liquor License Case, supra, at 624, 451.*

The Gismondi Liquor License Case, supra, approached the extension of the specified categories by analyzing a citizen's general rights to appeal governmental actions.

The foremost case in this regard is Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 202, 346 A. 2d 269, 286 (1975), wherein Justice Roberts for the Pennsylvania Supreme Court wrote concerning the right of appeal that ". . . one who seeks to challenge governmental action must show a direct and substantial interest . . . In addition, he must show a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as 'immediate' rather than 'remote.'"

In Wm. Penn Parking Garage, Inc. et al., supra, at 198, 284, the case of Ritter Finance Co. v. Myers, 401 Pa. 467, 165 A. 2d 246 (1960), was favorably

---

*It is noted by this court that Lennie Marks, Jack Fallenstein and The Pocono Tavern Owners Association did not file letters of protest with the board in this matter, nor did they give testimony at the January 24, 1978 hearing.

cited for the proposition that ". . . standing will be found more readily where protection of the type of interest asserted is among the policies underlying the legal rule relied upon by the person claiming to be 'aggrieved.'"

In Ritter Finance Co., supra, a small loan company was found to lack standing regarding its request to appeal the granting of a license to a competing small loan company. The Supreme Court looked to the legislative purpose behind the regulatory scheme governing small loan companies and found it not to be concerned with the level of competition among such companies.

Section 104 of the Liquor Code, 47 P.S. §1-104, interprets the Liquor Code to be ". . . an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth . . ." The legislative purpose behind this regulatory scheme appears to this court not to be concerned with the level of competition among liquor licenses.

While it is undeniably true that a liquor licensee retains substantial economic benefit and advantage over a non-license holder by way of being able to provide patrons with alcoholic beverages, this nevertheless remains but an incidental benefit derived from accomplishment of a separate legislative purpose. The purpose is to benefit the people of the Commonwealth and not the licensees in preventing the extension of their privilege.

It appears to this court from the evidence that the parties bringing this appeal, Lennie Marks and Jack Fallenstein, tavern owners, and The Pocono Tavern Owners Association have sought to appeal the board's order at issue on reasons relating to

concern with the individual economic consequences brought about by an increase in the level of competition. As stated previously in Ritter Finance Co., supra, such reasons will not provide a basis for standing to appeal.

As the named appellants do not fall within the categories set forth in section 464 of the Liquor Code, 47 P.S. §4-464, nor within the extension of that section as recognized by the Gismondi Liquor License Case, supra, nor having a direct or substantial interest as recognized by the Supreme Court in Ritter Finance Co., supra, it is this court's decision that Lennie Marks, Jack Fallenstein and The Pocono Tavern Owners Association do not have standing to bring this appeal from the Board Order dated March 15, 1978, wherein the application of Pizza Hut of Pottsville, Inc. for a new retail dispenser eating place license and provisional Sunday sales permit was approved. Since there remains no party before the court with standing to bring this appeal, we, therefore, enter the following

ORDER

And now, August 28, 1978, the order of March 15, 1978, by the Pennsylvania Liquor Control Board wherein it approved the application for a new retail dispenser eating place liquor license and Sunday sales permit applied for by Pizza Hut of Pottsville, Inc. for premises at 1135 North Ninth Street, Stroud Township, Stroudsburg, Monroe County, Pa., is affirmed, and the appeal by Lennie Marks, Jack Fallenstein and The Pocono Tavern Owners Association is dismissed.