Appeal of: Irene's Cafe, Inc., 1727 North 24th Street, Philadelphia, Pa. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs, April 5, 1979 to Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellant.

*Abraham J. Levinson,* for appellee.

OPINION BY JUDGE BLATT, July 3, 1979:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Philadelphia County which sustained the appeal of Irene's Cafe, Inc. (licensee) from an adjudication of the Board wherein the licensee's application to name a new manager was refused.

The licensee filed an application with the Board to name one Lovell Ross as the manager of its licensed restaurant premises. The Board issued an order after a hearing refusing to approve the application on the ground that Mr. Ross "is not a responsible person of good reputation" as required by the applicable regu-

lations.[1] The court of common pleas sustained the licensee's appeal and this appeal by the Board then followed.

The record before the court, which was the same as that before the Board, indicates that the proposed manager for the licensed premises had been arrested nine times from June 1969 to May 1975. These arrests, all for misdemeanors including violations of the Liquor Code,[2] resulted in two convictions for which he had been placed on probation. The Board held that this evidence established that he was not a responsible person of good reputation. The lower court concluded, however, that, because he had never been convicted of a felony or sentenced to any period of incarceration, the arrests and convictions here concerned could not form the basis for a refusal to grant the licensee's application for Mr. Ross' appointment as manager.

The Court relied on three sections of the Liquor Code, i.e., Section 404, 47 P.S. §4-404, Issuance of hotel, restaurant and club liquor licenses; Section 431, 47 P.S. §4-431, Malt and brewed beverages manufacturers; distributors and importing distributors' licenses; and Section 432, 47 P.S. §4-432, Malt and brewed beverages retail licenses. It then went on to review the evidence of the good reputation of Mr. Ross submitted by his parole officer and concluded that the Board had abused its discretion by determining that Mr. Ross was *not* a person of good reputation.

The Board contends that the lower court erred in two respects: first, by relying on sections of the Liquor

---

[1] 40 Pa. Code §5.23 provides in pertinent part:

(b) No individual may act in the capacity of manager in a licensed establishment until the licensee has received approval from the Board. The following rules shall apply:

(1) The manager shall be a reputable citizen of the United States. . . .

[2] Act of April 12, 1951. P.L. 90, *as amended*, 47 P.S. §1-101 et seq.

Code which relate to standards for the issuance of a license and not to the standards applicable to a change in officers; and second, by substituting its judgment for that of the Board.

As to the statutory provisions concerned, the legislature has clearly given the Board the power to promulgate regulations concerning the management of licensed premises. Section 208(h) of the Liquor Code, 47 P.S. §2-208(h). Moreover, the Board has exercised this power by determining that managers of licensed premises must be of good reputation. All of the sections of the Liquor Code cited by the licensee here refer specifically to the power of the Board to *refuse to issue a license* and are not relevant to any determination by the Board as to whether or not a person is qualified to become a manager of a licensed premises.

As to the court's function, the law is well settled that the "function of the court [of common pleas] on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion. . . . '[T]here must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board.' " *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 626, 186 A.2d 448, 451-52 (1962) (citation omitted). The lower court erred here in substituting its judgment for that of the Board with regard to the reputation of Mr. Ross, and, even if it believed the current reputation of Mr. Ross to be good, it was nevertheless bound by the Board's determination, if that determination was adequately supported. *Gismondi Liquor License Case, supra.* We believe that it was so supported and, therefore, that the court below abused its discretion by substituting its own judgment for that of the Board. For these reasons we are bound to reverse the lower court and to reinstate the Board's order. *Pennsylvania Liquor*

*Control Board v. Two Guy's Delicatessen, Inc.*, 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1974).

ORDER

AND Now, this 3rd day of July, 1979, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed, and the order of the Pennsylvania Liquor Control Board in the same matter is reinstated.