## Lancaster County Tavern Association v. Pennsylvania Liquor Control Board

*Morgan, Hallgren & Heinly, P.C.*, for intervenor.
*Victor Dell'Alba,* for appellant.

BUCKWALTER. *J.*, January 23, 1980—This matter is before the court on a motion to quash an appeal from the order of the Pennsylvania Liquor Control Board dated November 29, 1979, wherein an application for the issuance of a resort license was granted to L.A.Y.P. Corporation, licensee, trading as Your Place in East Lampeter.

On December 14, 1979, the Lancaster County Tavern Association, hereinafter referred to as LCTA, filed an appeal with this court, and on December 17, 1979, the appeal was allowed and a hearing on the appeal was fixed for February 6, 1980. Thereafter, on January 9, 1980, licensee filed a petition to intervene, and a motion to quash the appeal of LCTA. No answers were filed by LCTA.

At the hearing on the motion to quash LCTA gave oral answers to licensee's motion and presented the testimony of two witnesses. In its oral responses LCTA admitted that their association does not fall within any of the statutory categories delineated by section 464 of the Liquor Code of April 12, 1951,

382

P.L. 90, as amended, 47 P.S. §4-464.[1] The testimony elicited from the witnesses for the LCTA, i.e., other tavern owners, stressed the threat of pecuniary harm which they believed would result from the granting of licensee's license and which they believed guaranteed their standing to object to the board's order. Specifically, they testified that the granting of any resort license would devalue their own licenses.

The LCTA appeal petition avers that 1) the board's decision seriously affects the value of all the licenses in the district of East Lampeter Township because of the violation of the quota regulations and 2) that the board's order is capricious, against the weight of the evidence, and contrary to the spirit and intent of the code.

From the LCTA's petition and the testimony of their witnesses, this court would conclude that their sole argument in support of standing emanates from potential pecuniary harm. The case law in the area of standing clearly prescribes that more

_____

1. "Any applicant who has appeared before the board or any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal, or any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of quarter sessions of the county in which the premises applied for is located or the county court of Allegheny County." Section 464 of the Liquor Code, 47 P.S. §4-464.

than potential pecuniary harm is necessary to confer standing. In Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 198, 346 A. 2d 269 (1975), our Supreme Court held that the interest asserted must be substantial, immediate and direct, and that "[i]t is also clear that standing will be found more readily where protection of the type of interest asserted is among the policies underlying the legal rule relied upon by the person claiming to be 'aggrieved.'"

In this case, the legal rule relied upon is the Liquor Code. Section 104(a) of the code, 47 P.S. §1-104(a), states that: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever the open saloon, and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose [footnote omitted]."

From the above and from a reading of the code's purpose set forth in section 104(c), 47 P.S. §1-104(c), the court concludes that the protection of private competitive interests in the value of liquor licenses was not among the policies underlying the Liquor Code and that such an interest does not therefore confer standing to appeal.

A judicial extension of the specific categories set forth by the code did evolve as a result of the Gismondi Liquor License Case, 199 Pa. Superior Ct. 619, 624, 186 A. 2d 448, 451 (1962). However, the Gismondi decision only extended the right to appeal to a class of aggrieved persons who had previously been identified by section 404 of the code, 47 P.S.

§4-404.[2] Thus, the extended right was in effect a response to "... a clear mandate from the legislature to protect the interests of the inhabitants of the neighborhood within a five hundred foot radius."

Other classes of individuals have unsuccessfully attempted to extend the Gismondi ruling in order that they might gain standing to protest the board's decision: White Oak Borough v. Kusic, 7 Pa. Commonwealth Ct. 280, 299 A. 2d§ 56 (1973) (municipality may appear before board and object to application, but it has no right to appeal); Marks Appeal, 8 D. & C. 3d 580 (1978) (competing tavern owners and a tavern owners' association are without standing to appeal). However, none have been successful. As Judge Blatt stated in the White Oak Borough case, the situation is not at all similar to the Gismondi case, in that in this case, the legislature clearly did not express an intent to specifically protect the interests of this group.

The LCTA does not fall within any of the categories set forth in either section 404 or section

2. That section provided in pertinent part, "... [t]hat in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil: And provided further, That the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed. . . ." Section 404 of the Liquor Code, 47 P.S. §4-404.

464 of the Liquor Code, 47 P.S. §§4-404, 4-464, and does not qualify for an extension of the right to appeal as provided by the Gismondi case. The court therefore enters the following

## ORDER

And now, January 23, 1980, the motion to quash the appeal of Lancaster County Tavern Association is granted and the appeal is hereby quashed.